UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD D. LESLIE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) CAUSE NO. 1:09-cv-1588-WTL-MJD |
| PATRICK R. DONAHOE, Postmaster General of the United States Postal Service, | ) ) ) ) |
| Defendant. | ) ) |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the Defendant's Motion for Summary Judgment. The Plaintiff, who is proceeding pro se in this matter, has not filed a response to the motion, and the time for doing so has passed.[1] The motion is accordingly ripe for ruling and the Court, being duly advised, **GRANTS** the Defendant's motion for the reasons set forth below.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view

---

[1]The docket indicates that on December 20, 2010, the Defendant served the Plaintiff with the requisite notice regarding his obligation to respond to the summary judgment motion and the consequences of failing to respond with admissible evidence.

the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## FACTUAL BACKGROUND

The Plaintiff, Richard D. Leslie, began his employment with the United States Postal Service ("USPS") in June 1998. Specifically, Leslie worked as a Mail Handler at the Mail Processing Annex in Indianapolis, Indiana. In January 2005, the USPS sent Leslie a Letter of Decision - Removal for falsification in recording time. Leslie and his union representative entered into a settlement agreement with the USPS that resulted in Leslie signing a Last Chance Agreement. This agreement gave Leslie one more chance to save his career and further stated that any other ethical violations would result in his removal.

During his employment with the USPS, Leslie also served in the United States Army Reserves ("Reserves") until his retirement in August 2005. USPS provides paid military leave for authorized absences to employees who are members of the Reserves. To obtain the paid leave, employees have to complete a Postal Service Leave Slip indicating the date, number of hours, and type of leave they desire. From November 2005 through February 2008, Leslie submitted 23 leave forms requesting paid military leave for 30 different occasions even though he had already retired from the Reserves. As a result of these requests, Leslie received

approximately $4,298 in paid military leave.

Allegations were made in November 2007 that Leslie was not entitled to the paid military leave that he took, and the USPS Office of Inspector General ("OIG") began an investigation into Leslie's conduct. During this investigation, the Reserves reported that it had no record of any authorized military duties assigned to Leslie after he retired. It further stated that Leslie was not eligible to accrue retirement points while on retired status. Shortly after discovering this, the USPS sent a Notice of Proposed Removal to Leslie informing him that it was proposing to remove him from his employment for requesting leave under false pretenses. In March 2009, Leslie and his union representative met with Brad Spurgeon, Labor Relations Specialist, and Brian Fisher, Senior Manager, Distributions Operations, Indianapolis Processing & Distribution Center, Indianapolis, Indiana. After this meeting, and after reviewing all the information discovered during the OIG investigation, Fisher decided that termination from the USPS was warranted and justified. Leslie was presented with the Letter of Decision - Removal in April 2009.

During the OIG investigation, Leslie was arrested for violating 18 U.S.C. § 1001, False Statements. In May 2009, Leslie pled guilty to the federal crime of

> knowingly and willfully making and using numerous false requests for or notification of absence forms, PS Form 3971, for paid military leave from his employer, the Postal Service, knowing the same to contain materially false entries regarding military leave in violation of 18 U.S.C. § 1001, for the period of November 2, 2005, until February 20, 2008.

Deft.'s Brief at 11. Leslie voluntarily resigned from the USPS in June 2009 before he was officially removed. He then filed a charge of discrimination with the Equal Employment Opportunity ("EEO") Commission; however, his complaint was closed in November 2009 after a

finding of no discrimination.

## DISCUSSION

Leslie brings this action pursuant to 42 U.S.C. § 1981 alleging both discrimination and retaliation. He claims the USPS issued the Notice of Removal in retaliation for his union representative status and disciplined him more harshly than other employees because of his race. The Defendant moves for summary judgment on several grounds, each of which will be addressed, in turn, below.

### A. 42 U.S.C. § 1981

The Defendant first argues that Leslie's claim under § 1981 should be dismissed because it should have been brought under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 ("Title VII"). The Defendant correctly points out that "the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Services Admin.*, 425 U.S. 820, 835 (1976). Leslie's claim arises out of his employment with the USPS, which "is part of the executive branch of government." *Baker v. Runyon*, 114 F.3d 668, 670-71 (7th Cir. 1997); *see also* 39 U.S.C. § 201. Therefore, Leslie's discrimination and retaliation claim should have been brought under Title VII rather than § 1981.

### B. Title VII

The Defendant next argues that even if Leslie had brought his claim under Title VII, his claim would still fail. A plaintiff has two avenues to avoid summary judgment in a Title VII case: (1) he can present direct evidence of discrimination and retaliation; or (2) he can use the indirect, burden-shifting method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). As the Defendant points out, the record contains no direct evidence of discrimination or

4

retaliation. As such, the Court will analyze Leslie's claim under the indirect method.

In order for Leslie to survive summary judgment and prove he was discriminated against, he has to establish four elements: "(1) []he is a member of a protected class; (2) []he performed [his] job satisfactorily; (3) []he suffered an adverse employment action; and (4) the defendant treated similarly situated employees outside [his] class more favorably." *Russell v. Bd. of Trustees of Univ. of Illinois at Chicago,* 243 F.3d 336, 341 (7th Cir. 2001) (*citing Simpson v. Borg-Warner Automotive, Inc.*, 196 F.3d 873, 876 (7th Cir.1999)). Similarly, to prove he was retaliated against because he represented other employees in grievances and EEO cases, he has to "show that after filing the charge only he, and not any similarly situated employee who did not file a charge, was subjected to an adverse employment action even though he was performing his job in a satisfactory manner." *Stone v. City of Indianapolis Pub. Utilities Div.*, 281 F.3d 640, 644 (7th Cir. 2002).

If Leslie establishes a prima facie case, the burden shifts to the Defendant to "provide[] a legitimate, nondiscriminatory reason" for issuing Leslie a Notice of Removal. *Tincher v. Wal-Mart Stores, Inc.*, 118 F.3d 1125, 1129 (7th Cir. 1997). If the Defendant can provide such a reason, then Leslie has the "ultimate burden of proving the discrimination by showing that [the Defendant] provided a pretextual reason" for issuing the Notice of Removal. *Id*.

The Defendant argues that Leslie fails to establish a prima facie case for discrimination and retaliation, that the Notice of Removal was issued for a legitimate, nondiscriminatory reason, and that Leslie ultimately fails to offer any evidence of pretext. As such, the Defendant argues that summary judgment is appropriate in this case.

**1.** *Prima Facie Case*

The Defendant first argues that Leslie cannot prove his prima facie case because he cannot identify any similarly situated employee. "This normally entails a showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2000) (*citing Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir.1992)).

While Leslie testified about several employees who he believed received more lenient discipline as a result of disciplinary violations than he did, he has not submitted admissible evidence regarding those employees and their employment and disciplinary records from which a reasonable factfinder could determine either that they were similarly-situated to Leslie or that they were, in fact, treated more favorably than Leslie. Further, even taking Leslie's testimony–which was admittedly not based on personal knowledge, but rather rumors and hearsay–at face value, none of the employees at issue engaged in misconduct of the type to which Leslie pled guilty. Therefore, Leslie has not identified any similarly-situated employee and cannot establish a prima facie case under Title VII. *See Antonetti v. Abbott Laboratories*, 563 F.3d 587, 592 (7th Cir. 2009).

### 2. *Legitimate, Nondiscriminatory Reasons for Notice of Removal*

The Defendant also correctly argues that even if Leslie could prove his prima facie case, the Notice of Removal was issued for a legitimate, nondiscriminatory reason. In order for the Defendant to prove this, he has to show that the Notice of Removal was not "motivated by an illegitimate factor such as race." *Bd. of Trustees of Keene State Coll. v. Sweeney*, 439 U.S. 24, 29 (1978). The Defendant argues that Leslie received the Notice of Removal because he falsified

6

forms to obtain paid military leave, costing the USPS over $4,000. The Defendant further points to Leslie's own admission that he took money that he should not have, that his actions betrayed the trust the USPS had in him, and that he compromised his own integrity.

The Court agrees with the Defendant that this is a legitimate, nondiscriminatory reason for issuing the Notice of Removal. The USPS conducted a thorough investigation into Leslie's conduct and concluded that he falsified forms to obtain paid military leave; Leslie even pled guilty to this crime. Based on all the evidence and after conducting a meeting with Leslie, the USPS decided that a Notice of Removal was a warranted and justified punishment. As such, the Court finds that even if Leslie could present a prima facie case, the USPS issued the Notice of Removal for a legitimate, nondiscriminatory reason.

### 3. *Evidence of Pretext*

Finally, the Defendant argues that "Leslie can offer no proof to suggest that the Postmaster General's justifications are a pretext for discrimination." Def.'s Brief at 16. Pretext "means a lie, specifically a phony reason for some action." *Russell v. Acme-Evans Co.*, 51 F.3d 64, 68 (7th Cir. 1995). The Court agrees with the Defendant that Leslie offers no evidence to support his claim that the real reason the Notice of Removal was issued was because of his race or his union representative status. Therefore, Leslie fails to demonstrate a genuine issue of material fact that the USPS's reason for issuing him a Notice of Removal was pretextual. *See Clay v. Holy Cross Hosp.*, 253 F.3d 1000, 1004 (7th Cir. 2001).

## **CONCLUSION**

The Plaintiff fails to prove his prima facia case for discrimination and retaliation by not identifying any similarly situated employee. Further, the Defendant offers proof that the Notice

of Removal was issued for a legitimate, nondiscriminatory reason, and the Plaintiff offers no evidence that this reason was pretextual. Accordingly, the Court finds that the Defendant is entitled to summary judgment and Defendant's Motion for Summary Judgment is **GRANTED**.

SO ORDERED: 07/19/2011

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copy via United States Mail to:

Richard D. Leslie
9119 Prairie Ridge Place
Indianapolis, IN 46256-3498

Copies to all counsel of record via electronic notification